UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JACK ALEXANDER,<br><br>    Petitioner,<br><br>vs.<br><br>CRAIG FARWELL, *et al.*,<br><br>    Respondents. | 3:04-cv-0126-ECR-RAM<br><br>**ORDER** |

On September 28, 2007, the Court denied the *pro se* petition for a writ of habeas corpus (docket #43). Judgment was entered on the same day (docket #44). Before the Court is petitioner's motion for reconsideration, filed October 10, 2007 (docket #45).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Rule 59(e) of the Federal Rules of Civil Procedure provides that

1 any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the
2 judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly
3 unusual circumstances, unless the district court is presented with newly discovered evidence,
4 committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d
5 at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

6 In the order of September 28, 2007, this Court determined that petitioner's exhausted
7 grounds for habeas relief were procedurally defaulted in state court, and that this Court was therefore
8 barred from considering the petition. The Court further found that petitioner failed to demonstrate
9 cause and prejudice to excuse the procedural default.

10 In the motion for reconsideration, petitioner claims that the Nevada Supreme Court's
11 decision finding his state habeas petition untimely is inconsistent with 28 U.S.C. § 2244 and the time
12 limitations contained in that statute. Petitioner also asserts that his habeas corpus petition was timely
13 filed and this Court should consider the petition on the merits. Petitioner confuses federal and state
14 law and the concepts of procedural default and dismissal of a habeas action as untimely. This Court
15 determined it was barred from reviewing the merits of petitioner's claims as the state courts disposed
16 of the claims on independent and adequate state procedural grounds rather than denying the claims
17 on the merits. The Court did not dismiss the federal petition as untimely, and made no decision with
18 regard to the timeliness of petitioner's state action. Petitioner has failed to make an adequate
19 showing under either Rule 60(b) or 59(e) that this Court's Order denying the action should be
20 reversed.

21 **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration
22 (docket #45) of this Court's Order denying the action is **DENIED**.

23 Dated this  22nd  day of May, 2008.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

2